UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00-6359** CR-ZLOCH

CASE NO. _____

18 USC 1029(a)(2)
18 USC 1029(b)(1)&(2)
18 USC 2

MAGISTRATE JUDGE
SELTZER

UNITED STATES OF AMERICA,  )
                          )
        Plaintiff,        )
                          )
v.                        )
                          )
TARYN WILLIAMS and        )
ELLEANA AUSTIN,           )
                          )
        Defendants.       )
_____)

The Grand Jury charges that:

### COUNT I

1.    From on or about July 12, 2000 through on or about
December 7, 2000, at Broward County, in the Southern District of
Florida, and elsewhere, the defendants,

TARYN WILLIAMS and
ELLEANA AUSTIN,

knowingly, willfully and with intent to defraud combined,
conspired, confederated and agreed with each other and with
persons unknown to the Grand Jury to use one or more unauthorized
access devices during a one-year period and by such conduct
obtained things of value totaling more than $1,000 with said
offense having an affect on interstate and foreign commerce, in



violation of Title 18, United States Code, Section 1029(a)(2).

## OBJECT OF THE CONSPIRACY

2.    It was the object of the conspiracy that the defendants would and did unlawfully enrich themselves by obtaining goods, services and cash advances using fraudulent credit cards.

## MANNER AND MEANS OF THE CONSPIRACY

3.    It was a part of the conspiracy that the defendants TARYN WILLIAMS and ELLEANA AUSTIN opened and attempted to open credit card accounts in the names of elderly and deceased people in order to use the credit cards at retail establishments throughout Miami-Dade and Broward Counties.

## OVERT ACTS

4.    In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Florida and elsewhere:

(a)    On or about December 4, 2000, the defendant TARYN WILLIAMS drove a Ford Expedition registered in the name of Carmen Rodriguez.

(b)    On or about December 7, 2000, the defendants TARYN WILLIAMS and ELLEANA AUSTIN possessed more than one unauthorized access device in the names of deceased individuals.

All in violation of Title 18, United States Code, Section 1029(b)(2).

2

## COUNT II

From on or about July 12, 2000 through on or about December 7, 2000, at Broward County, in the Southern District of Florida, and  elsewhere, the defendants,

TARYN WILLIAMS and
ELLEANA AUSTIN,

knowingly, willfully and with intent to defraud, used and attempted to use one or more unauthorized access devices during a one-year period and by such conduct obtained things of value totaling more than $1,000 with said offense having an affect on interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(2), (b)(1) and 2.

A TRUE BILL

Leonard Roth
FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES OF AMERICA

v.

TARYN WILLIAMS, et al

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***
**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami ___ Key West
X__ FTL ___ WPB ___ FTP

New Defendant(s)     Yes ___ No ___
Number of New Defendants    ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) _No_____
   List language and/or dialect   ___English_____

4. This case will take _3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       __X__       Petty       _____
   II   6 to 10 days      _____      Minor       _____
   III  11 to 20 days     _____      Misdem.     _____
   IV   21 to 60 days     _____      Felony      __X__
   V    61 days and over  _____

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) _____YES_____
   If yes:
   Magistrate Case No. _____ 00-4286-BSS_____
   Related Miscellaneous numbers:_____
   Defendant(s) in federal custody as of___12/8/00_____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) _____No_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? _Yes _X_ No If yes, was it pending in the Central Region? _ Yes _X_ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY
Court Bar No. A5500063

\*Penalty Sheet(s) attached

REV.6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: TARYN WILLIAMS _____ NO. _____

Count #I: 18 U.S.C. §1029(b)(2); Conspiracy to engage in unauthorized use of access devices; _____

*Max. Penalty: Five (5) years' imprisonment and a $250,000 fine or a fine that is twice the value obtained by the offense, whichever is greater _____

Count #II: 18 U.S.C. §1029(a)(2); and (b)(1) authorized use and attempted use of access devices; _____

*Max. Penalty: Ten (10) years' imprisonment and a $250,000 fine or a fine that is twice the value obtained by the offense, whichever is greater _____

Count #: _____
_____

Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

---

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.
REV 12/12/96

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: ELLEANA AUSTIN _____ NO. _____

Count #I: 18 U.S.C. §1029(b)(2); Conspiracy to engage in unauthorized use of access devices;

*Max. Penalty: Five (5) years' imprisonment and a $250,000 fine or a fine that is twice the value obtained by the offense, whichever is greater

Count #II: 18 U.S.C. §1029(a)(2) & (b)(1); Unauthorized use and attempted use of access devices;

*Max. Penalty: Ten (10) years' imprisonment and a $250,000 fine or a fine that is twice the value obtained by the offense, whichever is greater

Count #: _____

Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.
REV. 12/12/96

### UNITED STATES DISTRICT COURT

No. 04434

# UNITED STATES DISTRICT COURT
**Southern** District of **Florida**
Central Criminal Division

---

## THE UNITED STATES OF AMERICA

vs.

TARYN WILLIAMS, and
ELLEANA AUSTIN

---

### INDICTMENT

18 USC §1029(a)(2)
18 USC §1029(b)(2)
18 USC § 2

---

*A true bill.*

_____
*Foreperson*

*Filed in open court this*

_____ *day,*

*of* _____ *A.D. 19* _____

_____
*Clerk*

*Bail, $* _____

kbnd. '

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA
        Plaintiff,

v.

Elkana Austin, Defendant,    #55576-CC4

APPEARANCE BOND:_____
CASE NO.: OO-4286-SnOW

_____/

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ 10,000 CSB _____.

FILED by ____ D.C.

DEC 14 2000

CLERK U.S. MADDOX
S.D. OF FLA. DIST. CT.
FT. LAUD

### STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

1329 NW 161 St Avenue, Pembroke Pines, FL 33029

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws

**DISTRIBUTION**: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

DEFENDANT:

CASE NO: OO - 4286 - Snow

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

X a. Surrender all passports and travel documents to the Pretrial Services Office of the Court.

X b. Report to Pretrial Services as follows: __As directed_____

_____ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.

_____ d. Maintain or actively seek full-time gainful employment.

_____ e. Maintain or begin an educational program.

_____ f. Avoid all contact with victims of or witnesses to the crimes charged.

_____ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

_____ h. Comply with the following curfew:_____

_____ i. No co-signatories may sell, mortgage, hypothecate or dispose of real property during pendency of this case.

_____ j. Comply with the following additional conditions of this bond:_____
Travel to the Southern District of Florida Only

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _11_ day of _December_ , 2000, at _Miami Dade_ , Florida.
Signed and acknowledged before me:          DEFENDANT: (Signature) _Elliana Austin_
WITNESS: _Reginald Hope_                    ADDRESS: _1324 NW 161 Ave_
ADDRESS: _7331 W. Flagler St_               _Pebroke Pines        FL_    ZIP _33029_
_Miami, FL_          ZIP _33144_            TELEPHONE: ( _954_ ) _456-4222_

### CORPORATE SURETY

Signed this _12_ day of _DEC_ , 2000, at _Miami Dade_ , Florida.
SURETY: _Reginald Hope_                     AGENT: (Signature) _Reginald Hope_
ADDRESS: _7331 W. Flagler St_               PRINT NAME: _Reginald Hope_
_Miami, FL_          ZIP _33144_            TELEPHONE: _305 ) 267-8800_

### INDIVIDUAL SURETIES

Signed this ____ day of _____ , 2000, at _____
SURETY: (Signature) _____         SURETY: (Signature) _____
PRINT NAME: _____                 PRINT NAME: _____
RELATIONSHIP                                RELATIONSHIP
  TO DEFENDANT: _____               TO DEFENDANT: _____
ADDRESS: _____                    ADDRESS: _____
_____ ZIP _____               _____ ZIP _____
TELEPHONE: _____                  TELEPHONE: _____

### APPROVAL BY COURT

Date: _12-12-00_

_Lurana S. Snow_
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Marshal, Pretrial Services

# FEDERAL POWER OF ATTORNEY
## FRONTIER INSURANCE COMPANY

**VOID IF NOT ISSUED BY:**

**POWER AMOUNT $**                                    **POWER NO.**

KNOW ALL MEN BY THESE PRESENTS that Frontier Insurance Company, a corporation duly organized and existing under the laws of the State of New York and by the authority of the resolution adopted by the Board of Directors at a meeting duly called and held on January 25, 1993 which said Resolution has not been amended or rescinded, does constitute and appoint and by these presents does make, constitute and appoint the named agent its true and lawful Attorney-in-Fact for it and in its name, place and stead, to execute seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-in-Fact is limited to appearance bonds and cannot be construed to guarantee defendant's *future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties, or any other condition imposed by a court not specifically related to court appearance.*

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Immigration Bonds. This power void if altered or erased, void if used with other powers of this company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

The obligation of the company shall not exceed the sum of

*** FIFTY THOUSAND DOLLARS ***

and provided this Power-of-Attorney is filed with the bond and retained as a part of the court records. The said Attorney-in-Fact is hereby authorized to insert in this Power-of-Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, FRONTIER INSURANCE COMPANY has caused these presents to be signed by its duly authorized attorney-in-fact, proper for the purpose and its corporate seal to be hereunto affixed this ___*12*___ day of ___*DEC*___ year ___*2000*___.

Bond Amount $ *10,000*
Defendant *AUSTIN, EILEANA*
Court *FEDERAL*
City *MIAM*
State *FL*
If rewrite, original #
Executing Agent *2574*

By ___*Spencer Douglass*___
Spencer Douglass
Attorney-in-Fact
**FOR FEDERAL USE ONLY**
**NOT VALID IF USED IN STATE COURT**

FRONTIER INSURANCE COMPANY
CORPORATE SEAL
1962
NEW YORK

**COURT COPY FIC 70**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

        Plaintiff,

v.

ELLEANA AUSTIN

        Defendant    /

APPEARANCE BOND:_____

CASE NO.: **00-4286-SNOW**

I, the undersigned defendant and I or we, the undersigned sureties jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay to the United States of America, the sum of $ __100,000 PERSONAL SURETY____ .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands**.

3. May not change his or her present address as recorded on this bond without prior permission in writing from the court. The defendant's present address is:

-----------------------------------------------------------------------

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws



**DEFENDANT: ELLEANA AUSTIN**
**CASE NO:      00-4286-SNOW**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with those special conditions checked below:

✓ a. Surrender all passports and travel documents to the Pretrial Services Office of the Court *by close of business 12/11/00*

✓ b. Report to Pretrial Services as follows: *as directed* times a week / month by phone _____ times a week / month  in person;  as directed by Pretrial Services _____

___ c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law and any treatment as deemed necessary by Pretrial Services.

___ d. Maintain or actively seek full-time gainful employment.

___ e. Maintain or begin an educational program.

___ f. Avoid all contact with victims of or witnesses to the crimes charged.

___ g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___ h. Comply with the following additional conditions of this bond:_____

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. 401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was release in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

**DEFENDANT: ELLEANA AUSTIN**
**CASE NO:    00-4286-SNOW**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgement may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

### SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of three (3) pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 8TH day of DECEMBER , 2000, at Ft. Lauderdale , Florida.
Signed and acknowledged before me:            DEFENDANT: (Signature) X _Elleana Austin_
WITNESS: _____            ADDRESS: X _1329 NW 161 Ave_
ADDRESS: _____            _Pbke Pine         FL_ _____ ZIP _33024_
_____ ZIP _____            TELEPHONE: X _305-525-8318   (Cell)_

### CORPORATE SURETY

Signed this ____ day of _____ ,20 __ , at _____ , Florida.
SURETY: _____            AGENT: (Signature) _____
ADDRESS: _____            PRINT NAME: _____
_____ ZIP _____            TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this ____ day of _____ ,20 __ , at _____
SURETY: (Signature) _____            SURETY: (Signature) _____
PRINT NAME: _____            PRINT NAME: _____
RELATIONSHIP                                     RELATIONSHIP
  TO DEFENDANT: _____                  TO DEFENDANT: _____
ADDRESS: _____            ADDRESS: _____
TELEPHONE: _____            TELEPHONE: _____

### APPROVAL BY COURT

Date: _12/8/00_

_Lurona S. Snow_
UNITED STATES MAGISTRATE JUDGE

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, Copy for Judge, Pretrial Services

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT FLORIDA

UNITED STATES OF AMERICA,

CASE NO: 00-4286-SNOW

vs.

TARYN WILLIAMS

_____/



ORDER ON PARTIAL INDIGENCY FOR APPOINTMENT
OF COUNSEL AND DISTRIBUTION OF AVAILABLE FUNDS

THIS CAUSE having come before the Court on request of the Defendant for appointment of counsel

pursuant to the Criminal Justice Act, 18 U.S.C. Section 3006A, and the Court having found after hearing that

private funds are available for payment by the Defendant for partial reimbursement for the cost of such services,

it is hereby,

ORDERED AND ADJUDGED that the above named Defendant shall pay the sum of $ 5,000.00 within

sixty (60) days to the Clerk of Court for deposit in the Treasury as reimbursement to the appropriation current

at the time of payment, pursuant to 18 U.S.C. 3006A(f). Unless such payment is made on or before the above

stated date the Court may terminate the appointment of counsel as the interest of justice may dictate, 18 U.S.C.

Section 3006A(C). It is further ORDERED that a status conference on reimbursement will be held on February

8,2001 at 11:00 a.m. before Magistrate Judge Lurana S. Snow.

DONE AND ORDERED at Ft. Lauderdale, Florida this 8th day of December, 2000

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

cc: AUSA
    Counsel
    Pretrial
    Defendant
    Financial Section

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-4286-SNOW

UNITED STATES OF AMERICA

        Plaintiff,

v.

TARYN WILLIAMS
        Defendant.
_____/

**ORDER ON INITIAL APPEARANCE** FILED by

Language  English
Tape No.  00- _063_
AUSA  Terry Thompson
Agent  Postal

DEC 15 2000

CLARENCE U.S. MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    The above-named defendant having been arrested on 12/7/00, having appeared before the court for initial appearance on 12/8/00 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
    **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
    Address:_____
    Zip Code:_____ Telephone: _____
2. _Jose Batista_ (CJA) appointed as permanent counsel of record.
    Address: _7171 Coral Way, Suite 400, Miami, Florida_
    Zip Code: _33155_ Telephone: _305 - 267 - 5139_
3. The defendant shall attempt to retain counsel and shall appear before the court at _____
    on _____
4. Arraignment/Preliminary/Removal/Identity hearing is set for _12/18/00_ at _11.00_ before Judge _Seltzer_.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because ___
    _____
    A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at _____ before Judge _____.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _$100,000.00 -Corporate Surety w/ Nebbia_
    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
  __a. Surrender all passports and travel document to the Pretrial Services Office.
  __b. Report to Pretrial Services as follows:_____times a week /month by phone, _____time a week/month in person;  other: _____
  __c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
  __d. Maintain or actively seek full time gainful employment.
  __e. Maintain or begin an educational program.
  __f. Avoid all contact with victims of or witnesses to the crimes charged.
  __g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
  __h. Comply with the following curfew: _____
  __i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

_j. Comply with the following additional special conditions of this bond:_____

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the    conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and    revocation of release and to various civil and criminal sanctions for any violation of those  conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond  has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Ft. Lauderdale, Florida this 8TH day of  DECEMBER, 2000.

                                        _Lurana S. Snow_
                                        **U. S. MAGISTRATE JUDGE**
                                        **LURANA S. SNOW**

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-4286-SNOW

UNITED STATES OF AMERICA

        Plaintiff,

v.

ELLEANA AUSTIN
        Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**
Language   English
Tape No.   00- 0063
AUSA     Terry Thompson
Agent     Postal

*FILED by ____ D.C.*
*DEC 1 1 2000*
*CLARENCE MADDOX*
*CLERK U.S. DIST. CT.*
*S.D. OF FLA. FT. LAUD.*

The above-named defendant having been arrested on 12/7/00,  having appeared before the court for initial appearance on 12/8/00 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. *Federal Public Defender* appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at _____
   on _____
4. Arraignment/Preliminary/Removal/Identity hearing is set for *12/18/00* at *11:00 a.m.* before Judge *Seltzer*.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)  because ___
_____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _____ at ____ before Judge _____.
6. The defendant shall be released from custody upon the posting of the following type of appearance bond,  pursuant to 18 U.S.C. Section 3142: *$10,000.00 - Corporate Surety Bond and $100,000.00 Personal Surety*.
   This bond shall contain the standard conditions of bond printed in the bond form of this Court  and, in addition, the defendant must comply with the special conditions checked below:
   ☑ a. Surrender all passports and travel document to the Pretrial Services Office.
   ☑ b. Report to Pretrial Services as follows:_____times a week /month by phone, _____time a week/month
       in person;  other: *As directed*
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed  substances prohibited by law.
   ___d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____
   ___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4286-SNOW

FILED by _____ D.C.

DEC - 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,        :

            vs                   :        **N O T I C E**

TARYN WILLIAMS
ELLEANA AUSTIN

_____

**Type of Case:    18:1029 and 1708**

_____

**TAKE NOTICE** that a proceeding in this case has been set for
the place, date, and time set forth below:

_____

**PLACE: Before Magistrate Judge Seltzer   COURTROOM:**     110

Federal Courthouse
299 E. Broward Boulevard            **DATE:**  December 18, 2000
Fort Lauderdale, Florida  33301     **TIME:**  11:00 A.M.

_____

**TYPE OF PROCEEDING:**

    PRELIMINARY HEARING/ARRAIGNMENT

_____

Date: _December 8, 2000_          _Amy Jordan_
                                  (By)    Deputy Clerk

cc:  T. Thompson,  AUSA
     Patrick Hunt, FPD
     Jose Batista, Esq.

**COURT MINUTES**

### U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

DEFT:    ELLEANA AUSTIN   (J)                CASE NO:   00-4286-SNOW

AUSA:    TERRY THOMPSON                       ATTY:  Patrick Hunt

AGENT:   POSTAL                               VIOL:   18:1029 & 1708

PROCEEDING:   I/A ON COMPLAINT               RECOMMENDED BOND:   100,000 CSB

BOND HEARING HELD - yes / no                 COUNSEL APPOINTED: Federal Public Defender

BOND SET @:$ 10,000.00 Corporate Surety   To be consigned by: _____
$100,000.00 -Personal Surety

FILED by ___ D.C.

DEC - 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

❏  Do not violate any law.

❏  Appear in court as directed.

❏  Surrender and / or do not obtain passports / travel
documents.

☑  Rpt to PTS as directed or _____ x's a week/month     Defendant Sworn
by phone; _____ x's a week/month in person.

❏  Random urine testing by Pretrial Services. _____
Treatment as deemed necessary.

❏  Maintain or seek full - time employment.

❏  No contact with victims / witnesses.

❏  No firearms.

❏  Curfew: _____

☑  Travel restricted only w/in the
Southern District
of Florida

❏  Halfway House _____

| NEXT COURT APPEARANCE: | DATE: | TIME: | JUDGE: | PLACE: |
|---|---|---|---|---|
| INQUIRY RE COUNSEL: | | | | |
| PTD/BOND HEARING: | | | | |
| PRELIM/ARRAIGN OR REMOVAL: | 12/18/00 | 11:00 a.m. | Seltzer | |
| STATUS CONFERENCE: | | | | |

DATE:   12/8/00    TIME:   9:30    FTL/LSS TAPE # 00 - **063**    Begin:    End:

**COURT MINUTES**

### U.S. MAGISTRATE JUDGE LURANA S. SNOW - FORT LAUDERDALE, FLORIDA

FILED by _L.A_ D.C.

DEFT: TARYN WILLIAMS (J)          CASE NO: 00-4286-SNOW

DEC - 8 2000

AUSA: TERRY THOMPSON          ATTY:

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

AGENT: POSTAL          VIOL: 18:1029 & 1708

PROCEEDING: I/A ON COMPLAINT          RECOMMENDED BOND: 100,000 CSB _w/nebbia_

BOND HEARING HELD - yes / no          COUNSEL APPOINTED: _Jose Batista, CJA_

BOND SET @ _#100,000.00 Corporate Surety w/Nebbia_          To be consigned by:

- Defendant sworn
- Defendant is ordered
to Deposit #5,000.00
in the Registry of the
Court to be applied
towards attorney's cost.
- Defendant at FDC.
- CJA, Jose Batista
notified of appointment
will call the Court
to schedule future date for
appearance before the Court.

❑  Do not violate any law.

❑  Appear in court as directed.

❑  Surrender and / or do not obtain passports / travel documents.

❑  Rpt to PTS as directed / or _____ x's a week/month by phone; _____ x's a week/month in person.

❑  Random urine testing by Pretrial Services. _____ Treatment as deemed necessary.

❑  Maintain or seek full - time employment.

❑  No contact with victims / witnesses.

❑  No firearms.

❑  Curfew: _____

❑  Travel extended to: _____

❑  Halfway House _____

---

**NEXT COURT APPEARANCE:**          DATE:          TIME:          JUDGE:          PLACE:

INQUIRY RE COUNSEL: _____

PTD/BOND HEARING: _____

(PRELIM/ARRAIGN) OR REMOVAL: _12/18/00_   _11:00 a.m._   _B. Seltzer_

STATUS CONFERENCE: _____

DATE: 12/8/00   TIME: 9:30   FTL/LSS TAPE # 00 - _0162_   Begin:   End:

UNITED STATES DISTRICT COURT
Southern District of Florida

FILED by _____ D.C.

DEC - 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

U.S. Marshal # 5557

UNITED STATES OF AMERICA            )
                    Plaintiff       )    Case Number: ~~cr~~ 00-4286-Snow
                                    )    REPORT COMMENCING CRIMINAL
        -vs-                        )         ACTION
                                    )
  ELLEANA  AUSTIN                   )
            Defendant

********************************************************

TO: Clerk's Office     MIAMI / FT. LAUDERDALE / W. PALM BEACH
    U.S. District Court    (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
********************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest:  12/07/2000   2:00   am/(pm)

(2)  Language Spoken:  ENGLISH

(3)  Offense (s) Charged:  Credit Card  USC 1029

(4)  U.S. Citizen  [✓] Yes   [ ] No   [ ] Unknown

(5)  Date of Birth:  3/14/1949

(6)  Type of Charging Document:  (check one)
     [ ] Indictment  [✓] Complaint  To be filed/Already filed
     Case# _____

     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District:  Southern Dist. Florida

     COPY OF WARRANT LEFT WITH BOOKING OFFICER.  [ ] YES [ ] NO

Amount of Bond: $ _____
Who set Bond:  Snow

(7)  Remarks: _____

(8)  Date: 12/08/2000   (9) Arresting Officer: RON JONES

(10) Agency: POSTAL INSPECTION SV   (11) Phone: 954-483-3910

(12) Comments: MAIN OFFICE  954 436-7200

FILED by ___ D.C.

DEC - 8 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT
Southern District of Florida

U.S. Marshal # ___ 55575-004

UNITED STATES OF AMERICA )
                  Plaintiff ) Case Number: CR 00-6286-Snow
                             ) REPORT COMMENCING CRIMINAL
        -vs-                 )            ACTION
                             )
Taryn Williams              )
        Defendant

*********************************************************
TO: Clerk's Office    MIAMI   (FT. LAUDERDALE)   W. PALM BEACH
    U.S. District Court        (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
*********************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 12/7/2000 _____ am/pm

(2)  Language Spoken: English _____

(3)  Offense (s) Charged: Credit Card, Bank, & mail Fraud ____

(4)  U.S. Citizen  [X] Yes   [ ] No   [ ] Unknown

(5)  Date of Birth: 1-4-68 _____

(6)  Type of Charging Document:  (check one)
     [ ] Indictment  [X] Complaint  To be filed/Already filed
     Case# _____

     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: ___ S, Fla _____

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES [X] NO

Amount of Bond: $_____
Who set Bond: ___ S/mu _____

(7)  Remarks: _____
     _____

(8)  Date: 12-8-2000   (9) Arresting Officer: R. Jones ___

(10) Agency: U.S. Postal Inspectors  (11) Phone: (954) 483-3910

(12) Comments: _____

AO 91 (Rev. 5/85) Criminal Complaint    AUSA TERRENCE THOMPSON USPS S/A RONALD JONES

# *United States District Court*

FILED by _____ D.C.

DEC ~ 7, 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.O. OF FLA. FT. LAUD.

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

TARYN WILLIAMS, and
ELLEANA AUSTIN

## CRIMINAL COMPLAINT

CASE NUMBER: $00 - 4286 - Snow$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _July 24-December 7, 2000_ , in _Broward_ county, in the ___Southern___ District of _Florida_ defendant(s) did, (Track Statutory Language of Offense)

unlawful use of access devices and theft of mail;

in violation of Title _18_ United States Code, Section(s) _1029 and 1708_ _____

I further state that I am a(n) <u>USPS Special Agent</u> and that this complaint is based on the following
            Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x] Yes [ ] No

Signature of Complainant
RONALD JONES, Special Agent
U.S. POSTAL INSPECTOR

Sworn to before me, and subscribed in my presence,

_December 7, 2000_
Date

at _Fort Lauderdale, Florida_
City and State

LURANA S. SNOW
<u>UNITED STATES MAGISTRATE JUDGE</u>
Name and Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT FOR SEARCH WARRANT

1. Your affiant is United States Postal Inspector Ron Jones. Your affiant has been a Postal Inspector for seven years. During this time your affiant has been involved in dozens of investigations concerning the theft of mail and the unauthorized application and use of credit cards.

2. During January of 2000, your affiant along with Broward Sheriff's Office Detectives became involved in the investigation of Taryn Williams and her mother Elleana Austin for their involvement in the identity takeovers of people, mostly elderly and some who were deceased. In that investigation, the subjects would either order credit cards in their victims' names or would add their names to the victims' pre-existing account as secondary authorized users.

3. As a result of your affiant's January 2000 investigation, during the Spring of 2000, Taryn Williams was arrested on State charges of Grand Theft, and is currently free on bond.

4. Your affiant is aware through conversations with Bal Harbour Police Detective Jose Andrade, that Elleana Austin was under investigation for opening up credit card accounts in the names of deceased people, and then using the credit cards to purchase merchandise at the Bal Harbour Shops in Bal Harbour, Miami-Dade County, Florida. Your affiant is further aware through his conversations with Detective Andrade that Elleana Austin was arrested during the Summer of 2000 for these illegal activities.

5. Your affiant is aware through conversations with U.S. Postal Inspector J.W. Galvin, that during November 2000, Inspector Galvin was contacted by the Representative of a deceased person's estate, and advised that individual(s) unknown had redirected the victim's mail to three

1

separate commercial mail receiving agencies (Mail Boxes, Etc.) in Broward County. This redirection occurred through the filing of fraudulent change of address forms with the U.S. Postal Service. One of the fraudulent change of address forms redirected the victim's mail to the Mail Boxes, Etc. located at 3389 Sheridan Street Box #199 Hollywood, Broward County, Florida.

6. Your affiant is aware through conversations with Inspector Galvin, that during the month of November 2000, Inspector Galvin visited the Mail Boxes Etc., located at 3389 Sheridan Street in Hollywood, and interviewed the owner of the business. During this interview the owner advised that mailbox #199 was opened in the name of James Eason, during October 1999. The owner also advised that mailbox #208 [hereinafter box#208] was opened by the same subject, both on the same day.

7. Your affiant is aware, through conversations with Inspector Galvin, that the mail going to the two mailboxes was monitored by Inspector Galvin. Several pieces of mail from financial companies were observed, including a Bank of America letter in the name of Carmen Rodriguez. Investigation with the Bank of America revealed that Mastercard number 5491-0500-0167-0769 [hereinafter "the Mastercard"] was issued by Bank of America on June 27, 2000, in the name of Carmen Rodriguez, and sent to the above box #208 address.

8. Your affiant is also aware through conversations with Inspector Galvin, that during the period between July 12, 2000 and July 26, 2000, the Carmen Rodriguez Mastercard was used to purchase goods and services, and obtain cash advances in the amount of $13, 709.25

2

9. Your affiant is aware through conversations with Inspector Galvin, that the Bank of America has deemed the Carmen Rodriguez Mastercard account to be fraudulent.

10. Your affiant is aware that an Autotrack inquiry on the name of Taryn Williams resulted in the discovery that the 3384 Sheridan Street Box #199 address was linked to her personal history for the period of October 2000.

11. Your affiant also discovered that one of the pieces mail found in box #208 was in the name of Michael R. Olechna. Your affiant conducted an Autotrack inquiry on the name of Michael R. Olechna, and discovered that a death claim had been filed with the Social Security Administration during September of 2000. The Autotrack inquiry also revealed a November 2000 address for Michael R. Olechna of 1329 N.W. 161st Avenue Pembroke Pines, Broward County, Florida [hereinafter "the premises"].

12. Your affiant is also aware through conversations with Inspector Galvin, that the Representative of the Michael R. Olechna estate had filed a complaint with Postal Inspectors on or about October 5, 2000, complaining that a false change of address form had been filed with the Post Office, redirecting Olechna's mail to the box #208 address. The representative of the estate further advised that Michael R. Olechna had died on September 3, 2000.

13. On December 4, 2000, your affiant conducted a review of the garbage, located at "the premises", and discovered several pieces of mail in the names of Carmen Rodriguez, bearing the box #208 address; and Elleana Austin bearing the premises' address.

14. Your affiant is aware that one of the items obtained through the use of the Carmen Rodriguez Mastercard was a 2000 Ford Expedition sport utility vehicle. This vehicle was

obtained from the Sawgrass Ford auto dealership located in Sunrise, Florida. The vehicle was obtained by using the Carmen Rodriguez Mastercard to place a one thousand-dollar down payment on the vehicle, and was registered in the name of Carmen Rodriguez.

15. Your affiant is further aware that during a surveillance of the premises on December 5, 2000, the same Ford Expedition was parked in the residence's driveway. During this same surveillance activity, your affiant observed Taryn Williams driving the Ford Expedition.

16. On December 7, 2000, the United States Postal Inspectors Service executed a search warrant at 1329 NW 161st Avenue, Pembroke Pines, Florida. At the time, both Taryn Willaims and Elleana Austin were present in the residence. Based upon the search, it is clear that both individuals are residing at the premises. Included among the items recovered during the search, are the following:

numerous credit cards that had been issued in the names of deceased individuals;
a list of deceased individuals;
credit card histories of various individuals;
real estate history reports of various deceased individuals;
mail addressed to deceased individuals at box 199 and box 208 at Mail Boxes, Etc.;
numerous items of merchandise purchased from a department store with credit cards;
numerous credit card receipts;
the Ford Expedition automobile referred to in paragraphs 14 and 15; and
a Volvo S-40 automobile purchased in the name of a deceased person.

17. Based upon the foregoing, your affiant believes that there is probable cause to believe that Taryn Williams and Elleana Austin are engaging in credit card fraud and mail theft.

Further your affiant sayeth naught.

RONALD JONES
INSPECTOR
U.S. POSTAL SERVICE

Subscribed and sworn to before
me this 7ᵗʰ day of December, 2000.

LURANA S. SNOW
U.S. MAGISTRATE JUDGE

5