UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6359-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ELLEANA AUSTIN,

Defendant.
_______________________________/

'01 JUL 30

**OBJECTIONS AND ADDENDUM TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW the Defendant, ELLEANA AUSTIN (hereinafter "AUSTIN"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida and the Federal Rules of Criminal Procedure, and would hereby file these her Objections and Addendum to the Presentence Investigation Report created by United States Probation Officer Tracey L. Webb and made available for disclosure on or about July 6, 2001. The Objections and Addendum to the Presentence Investigation Report are as follows:

1. The Defendant would object to paragraph 19, at page 7, of the Presentence Investigation Report, and state that she should receive a two (2) level mitigating role adjustment as a minor participant in the instant offense. It is clear in the instant case that AUSTIN was recruited by her daughter, Taryn Williams, to work for Derwin Jones. It is clear that AUSTIN took her direction directly from Derwin Jones. She was merely a worker or a gopher for Jones. As such, AUSTIN should receive a

80

two (2) level downward departure for her minor role in the instant offense.

2. The Defendant would object to paragraph 20, at page 7, of the Presentence Investigation Report, and would object to the following mandatory victims restitution amounts:

(a) Bank of America (Kleinman Account) $111,000.00;

(b) Bank of America $42,259.14;

(c) American Express $52,299.00;

(d) First Massachusetts Bank $5,813.99; and

(e) GE Card Services $3,221.40.

The basis of the objection is that AUSTIN had no involvement with these loss amounts. The individual who is responsible for these loss amounts is the yet unindicted co-conspirator, Derwin Jones. Clearly, it was not and is not reasonably foreseeable within the parameters of this conspiracy that AUSTIN would, could or should be held responsible for these amounts. As such, AUSTIN would object to the inclusion of these amounts in the total loss amount and/or under the Mandatory Victims Restitution Act.

3. The Defendant would object to paragraph 25, at page 8, of the Presentence Investigation Report, and state that pursuant to United States Sentencing Guidelines, Section 2F1.1(b)(2) (2001), any offense that AUSTIN was involved in did not involve more than minimal planning. Again, AUSTIN merely performed work at the behest and request of Derwin Jones. There was no planning or no more than minimal planning on behalf of AUSTIN to defraud more than one victim. As such, a two (2) level enhancement is not warranted in the instant case.

4. The Defendant would object to paragraph 26, at page 8, of the Presentence Investigation Report, and state that within the parameters of this conspiracy, AUSTIN did not use without authorization any means of identification unlawfully to obtain any other means of identification. Therefore, a two (2) level enhancement pursuant to United States Sentencing Guidelines, Section 2F1.1(b)(5)(C) (2001), is not warranted.

5. The Defendant would object to paragraph 46, at page 11, of the Presentence Investigation Report, and correct an incorrect statement in paragraph 46. In paragraph 46, the United States Probation Office states that "The Defendant does not know how he died". This is clearly not true. AUSTIN knows how Farrington, the former police officer, died. He died of AIDS.

This embodies the sum and substance of the Defendant's Objections and Addendum to the Presentence Investigation Report.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 27 day of July, 2001, to:

BERTHA R. MITRANI, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Fort Lauderdale, Florida 33394-3002

TRACEY L. WEBB
United States Probation Officer
Federal Courthouse Building
299 East Broward Boulevard
Room 409
Fort Lauderdale, Florida 33301-1865

Respectfully submitted,

DAVID J. JOFFE, P.A.
Attorney for Defendant
2900 Bridgeport Avenue
Suite 401
Coconut Grove, Florida 33133
Telephone: (305) 446-5886
Facsimile: (305) 446-5856

By____________________________
DAVID J. JOFFE, ESQUIRE
FLORIDA BAR NO. 0814164